**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SAVISTA, LLC )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GS LABS, LLC, )<br>)<br>Defendant. ) | Civil Action No.: Case No. 1:23-cv-06445<br>Honorable Sara L. Ellis |

## PLAINTIFF SAVISTA, LLC'S REPLY IN SUPPORT OF MOTION TO COMPEL

Plaintiff Savista, LLC, through its undersigned counsel, respectfully submits this Reply in Support of Motion to Compel. Savista filed a Motion to Compel on February 16, 2024 ("Motion to Compel"), asking the Court to compel Defendant GS Labs, LLC to meet its discovery obligations. Dkt. No. 27. There is no dispute about the Federal Rules that apply here, the operative deadlines thereunder, or even about GS Labs' repeat failure to respond to discovery in violation of those Rules and deadlines. (Nor did GS Labs cite a single case in their opposition brief.) GS Labs nonetheless opposed Savista's Motion to Compel on February 20, 2024—asking the Court to deny the motion and to instead stay all discovery. Dkt. No. 28. The arguments GS Labs asserts in its opposition brief lack merit and fail for at least the following reasons:

*First*, filing a motion to dismiss does not entitle GS Labs to ignore agreed case orders and discovery deadlines established by the Federal Rules of Civil Procedure. Nor is a pending motion to dismiss a valid basis for staying of all discovery in this case.

*Second*, stays on discovery are disfavored and GS Labs cannot make the showing needed to stay discovery because the stay GS Labs requests will lead only to further delay without any benefit to efficiency, simplicity, speed, or the preservation of party and judicial resources.

1

***Third***, GS Labs' new-found notion of a stay is neither credible nor practical. GS Labs has never proposed a stay—or objected to discovery going forward on any ground—before now. And the same discovery will occur whether or not the result of their motion to dismiss is that the case proceeds in the District of Nebraska, as GS Labs would prefer. The Federal Rules of Civil Procedure still apply there. GS Labs is simply reaching for any way to avoid the natural consequences of its discovery failures.

***Fourth***, GS Labs cites no case law in its opposition. None. The Court can disregard all GS Labs' arguments and grant Savista's Motion to Compel on this basis alone.

Accordingly, the Court should grant Savista's Motion to Compel in full.

## ADDITIONAL BACKGROUND

On October 24, 2023, the parties submitted a Joint Initial Status Report, outlining an agreed set of discovery deadlines. Dkt. No. 12. Although GS Labs stated its intention therein to file a Motion to Transfer Venue, *id.* at 2, it did not ask for or otherwise even suggest a stay of discovery. On October 30, 2023, the Court entered a discovery schedule. Dkt. No. 14. GS Labs did not object or ask the Court to stay discovery. GS Labs then served initial disclosures—making no objection or request for a stay. Dkt. No. 21. Next, GS Labs filed a motion to dismiss or transfer venue. Dkt. No. 15. While GS Labs' motion to dismiss lacks merit, *see* Dkt. 22 (Savista Opposition to GS Labs' Motion to Dismiss), GS Labs did not include any request that discovery be stayed or any objection to discovery proceeding according with the dates ordered by the Court. *See* Dkt. No. 15.

On December 1, 2023, Savista served its Interrogatories and Requests for Production ("RFPs," collectively with the Interrogatories, the "Discovery Requests") on GS Labs. Ex. A. GS Labs did suggest a stay or otherwise any objections to Savista's Discovery Requests at that time. Instead, on December 22, 2023, GS Labs requested an extension of its deadline to respond to

Savista's Discovery Requests but did not ask for a stay or otherwise object to discovery. *See* Ex. B at 4. Savista did not agree to an extension.

On January 3, 2024, after missing its discovery deadline, GS Labs asked for an extension through January 15, 2024. Ex. B at 3-4. In response, Savista offered to consider an extension of GS Labs' discovery deadline if it would allow meaningful settlement discussions to occur. *See id.* at 3. GS Labs did not accept Savista's invitation by making a settlement offer and Savista did not agree to extend the discovery deadline as a result. *See id.* at 3. GS Labs still did not raise the need for a stay or object to discovery. Nor did GS Labs serve any discovery responses.

Two weeks later, on January 17th, Savista contacted GS Labs for an update. *See id.* at 1. By that point, GS Labs had not only missed the original deadline to respond to Savista's Discovery Requests but had also missed even the extended deadline it had proposed. Savista demanded that GS Labs serve responses to Savista's Discovery Requests by January 22, 2024. *Id*. On January 22, GS Labs served incomplete, unsigned, and unverified answers to Savista's Interrogatories. *See* Ex. C, GS Labs' Interrogatory Answers. GS Labs did not object or propose a stay then either. And GS Labs failed to serve documents or responses to Savista's RFPs. *See Id.*

Savista wrote to GS Labs about serious deficiencies in GS Labs' interrogatory responses on February 13, 2024. Ex. D, Deficiency Letter, at 3. Savista also raised GS Labs' complete failure to produce documents or otherwise respond to Savista's RFPs and requested a meet and confer to address such deficiencies. *See Id.* In a transparent attempt to avoid a motion to compel, GS Labs ignored Savista's request to meet and confer and, for the first time ever, stated that discovery should stop altogether. Ex. E at 2. Savista asked whether the stay would defer pending discovery. Ex. E at 1. GS Labs never responded. Savista was thus forced to file its Motion to Compel.

## LAW AND ARGUMENT

When "determining whether to grant a stay of discovery, judges in this district have considered the following factors: '(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court.'" *Witz v. Great Lakes Educ. Loan Servs., Inc.*, No. 19-CV-06715, 2020 WL 8254382, at *1 (N.D. Ill. July 30, 2020).

A court's authority to stay discovery "must be exercised so as to 'secure the just, speedy and inexpensive determination of every action.'" *Builders Ass'n of Greater Chicago v. City of Chicago*, 170 F.R.D. 435, 437 (N.D. Ill. 1996) (citing Fed. R. Civ. P. 1). Thus, while "stays on discovery are sometimes appropriate, **this court disfavors them because they bring resolution of the dispute to a standstill**." *Coss v. Playtex Prod., LLC*, No. 08 C 50222, 2009 WL 1455358, at *1 (N.D. Ill. May 21, 2009) (emphasis added).

Additionally, "**mere filing of a motion to dismiss does not automatically stay discovery**. Nor does filing a motion to stay mean that a court will automatically grant it." *New England Carpenters Health & Welfare Fund v. Abbott Lab'ys*, No. 12 C 1662, 2013 WL 690613, at *1 (N.D. Ill. Feb. 20, 2013) (internal citation omitted, emphasis added). Instead, if "the Court finds that a stay of discovery is unlikely to significantly expedite the litigation, and may actually slow it down, it will decline to interfere." *Tamburo v. Dworkin*, No. 04 C 3317, 2010 WL 4867346, at *2 (N.D. Ill. Nov. 17, 2010). That is the case here.

**A. GS Labs Cannot Demonstrate that Discovery Should Be Stayed.**

GS Labs argues that discovery should not be compelled and, instead, all discovery should be stayed solely because of its motion to dismiss. *See* Dkt. 27 at 3. First, GS Labs' motion to

dismiss lacks merit and should be denied because both jurisdiction and venue are proper in this District. *See generally*, Dkt. No. 15. No matter. A stay of discovery is not automatically warranted merely because of the pendency of a motion. *SK Hand Tool Corp. v. Dresser Indus., Inc.*, 852 F.2d 936, 945 (7th Cir. 1988) ("there is no requirement that the discovery cease during the pendency of a motion to dismiss unless the court has ordered a stay, which it has not done in this case." (citation omitted)); *In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 331, 336 (N.D. Ill. 2005). And nothing in GS Labs' opposition supports a contrary result here. Indeed, GS Labs does not cite a single case in support of a stay—nor any other cases in opposition to Savista's Motion to Compel.

A motion to dismiss does not itself warrant a discovery stay. Rather, "defendants must assert something more than the mere existence of a motion to dismiss to support a claim of good cause to request a complete stay of discovery." *Syngenta Seeds, Inc. v. BTA Branded, Inc.*, No. 05 C 6673, 2007 WL 3256848, at *2 (N.D. Ill. Nov. 1, 2007) (denying motion to stay discovery). GS Labs does not—and cannot—make that showing here.

Nor does GS Labs demonstrate that a stay would expedite resolution of the litigation as is required, and its opposition to Savista's Motion to Compel must be rejected as such. *O'Conner v. Eden Mgmt. LLC*, No. 13 C 7391, 2014 WL 5761138, at *2 (N.D. Ill. Nov. 4, 2014) (denying motion to stay discovery "predicated on the assumption that [Defendants'] motion to dismiss will be granted" since it would be "unlikely to expedite resolution of the litigation and, in fact, may be counterproductive in achieving that end."); *Cohn v. Taco Bell Corp.*, 147 F.R.D. 154, 162 (N.D. Ill. 1993) (adopting magistrate's conclusion that motion to stay should be denied, as the success of defendant's pending motion to dismiss was "speculative;" moreover, the motion to stay was "a vehicle to stall or delay the inevitable search for the truth, as provided by the federal discovery rules"). The analysis does not change just because GS Labs' motion to dismiss touches on

jurisdiction. *Daniel J. Hartwig Assoc., Inc. v. Kanner,* 913 F.2d 1213, 1223 (7th Cir. 1990) (there is no rule staying discovery pending decision on jurisdictional issue). This Court should reject GS Labs' contentions otherwise.

Notably, GS Labs fails to cite any case law whatsoever in support of its request for a stay pending the Court's ruling on the motion to dismiss. GS Labs does not even attempt to explain how a stay would "simplify the issues in question and streamline the trial" or "reduce the burden of litigation on the parties and on the court." *Witz*, 2020 WL 8254382, at *1; *New England Carpenters Health*, 2013 WL 690613, at *3 (denying request to stay discovery where defendant "provides no clear showing of its burden or cost with any anticipated discovery"). In fact, GS Labs' unsupported opposition does the opposite: it is another transparent attempt to throw a wrench in the gears to avoid the consequences of its discovery malfeasance.

Furthermore, this case is a straightforward contract dispute over the amount GS Labs owes Savista for its services pursuant to a written contract. Any stay of discovery is not justified under the circumstances and would only delay resolution of this straightforward dispute. *See Rustom v. Rustom*, No. 17 C 9061, 2018 WL 2423508, at *5 (N.D. Ill. May 29, 2018) (denying motion to stay "where there is no indication that the case is overly complex or that discovery will ultimately be unusually burdensome or costly"); *Coss v. Playtex Prod., LLC*, No. 08 C 50222, 2009 WL 1455358, at *1 (N.D. Ill. May 21, 2009) (noting that stays of discovery are typically granted in cases where discovery is "burdensome and costly to parties" or that are "complex").

Moreover, staying discovery based solely on the possibility that a motion to dismiss will be successful would be "pure speculation." *Niederhoffer Intermarket Fund, L.P. v. Chicago Mercantile Exch.*, No. 99 C 3223, 1999 WL 731773, at *1 (N.D. Ill. Aug. 31, 1999) (denying motion to stay discovery based on "pure speculation" that motion to dismiss will be successful);

*New England Carpenters Health*, 2013 WL 690613, at *2 (same). Based on speculation and without citing a single case, GS Labs' opposition lays bare its design: to again delay discovery and find a post hoc (albeit baseless) explanation for its improper behavior in discovery.

Yet, even if GS Labs' motion to dismiss were granted and the case transferred or refiled in the District of Nebraska, the Federal Rules of Civil Procedure would still govern discovery. The same rules regarding discovery, motion practice, and other procedural matters would apply. Any delay in discovery predicated on the mere possibility of further proceedings in a different federal court, therefore, contradicts the foundational principles of efficiency and expediency enshrined in the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 1. (requiring the court and parties "to secure the just, speedy, and inexpensive determination of every action and proceeding"); *see also AOT Holding AG v. Archer Daniels Midland Co.*, 2021 WL 6118175, at *3 (C.D. Ill. Sept. 3, 2021) ("All discovery disputes are considered through Rule 1's lens, which requires the Court to construe and employ the Rules in a way that promotes the just, speedy, and inexpensive determination of every action.").

In short, GS Labs' opposition is devoid of merit and represents nothing more than a transparent tactic to unnecessarily prolong this litigation and excuse its deliberate discovery abuses. Therefore, GS Labs' request for a stay should be denied and Savista's Motion to Compel be granted to ensure the fair and expeditious resolution of this case.

**B. GS Labs' Belated Motion is Brought in Bad Faith to Delay These Proceedings.**

Parties are required to act in good faith during discovery. *DR Distributors, LLC v. 21 Century Smoking, Inc.*, 513 F. Supp. 3d 839, 944 (N.D. Ill. 2021). Any failure to do so could lead to sanctions. *Id.* If any disputes regarding outstanding discovery need to be addressed by the court, these should be brought to the court's attention well in advance of the discovery deadline.

7

*Krukowski v. Omicron Techs., Inc.*, No. 10 CV 5282, 2012 WL 3841491, at *4 (N.D. Ill. Aug. 29, 2012). Courts should not reward parties who needlessly allow confusion to persist or cause delays in the discovery process. *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 342 ("[w][here a party has contributed to a plaintiff's confusion or has caused delays in discovery, it can hardly be heard to complain about continued discovery. Courts ought not to reward those who needlessly allow confusion to persist or who are the cause of discovery delays.").

Here, GS Labs repeatedly failed to raise the idea of objecting to or staying discovery pending the motion to dismiss. That alone demonstrates GS Labs' bad faith in its new-found attempt to argue for a stay now. Nor did GS Labs ever raise a timely objection to discovery on that basis. GS Labs could have raised any such objection to discovery (a) at the Rule 26(f) conference; (b) when agreeing on and submitting discovery dates in the Joint Initial Status Report; (c); when the Court ruled that "written discovery [was] to issue by 12/1/2023" (Dkt. No. 14); (d) when GS Labs filed its motion to dismiss; (e) when Savista served Discovery Requests on 12/1/2023 (Ex. A); (f) when GS Labs asked Savista for a discovery extension the first time; (g) when GS Labs asked Savista for a discovery extension the second time; (h) when GS labs missed the January 2d discovery deadline; (i) when GS Labs served deficient interrogatory responses on January 22; (j) at any time between (January 2nd and February 16th) during which GS Labs failed to serve any responses to RFPs; (k) or in any of the subsequent and numerous communications between GS Labs and Savista since the case began last August 2023. But GS Labs did not do so.

GS Labs' repetitive delay tactics, along with its absent and/or deficient discovery responses further detailed in Savista's pending Motion to Compel, are a bald attempt to circumvent its discovery obligations and unnecessarily delay these proceedings. GS Labs' actions have already resulted in substantial delays in the progression of this case in August 2023.

Denying Savista's Motion to Compel and instead imposing a stay "would essentially delay or prolong discovery, thereby causing management problems which would impede the court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Cohn v. Taco Bell Corp.*, 147 F.R.D. 154, 162 (N.D. Ill. 1993) (denying motion for stay of discovery). It would also set a dangerous precedent by rewarding the deliberate discovery misconduct that GS Labs has used to impede the fair and expeditious resolution of this case. GS Labs' actions reflect an intentional disregard for the Federal Rules of Civil Procedure and the discovery schedule ordered by the Court. As such, the Court should deny GS Labs' request for a stay and instead grant Savista's Motion to Compel.

## CONCLUSION

For at least the reasons above, the Court should refuse to stay this case and should instead grant Savista's Motion to Compel in full.

Dated: February 23, 2024

Respectfully submitted,

SAVISTA, LLC

By: /s/ Martin R. Martos II
One of Plaintiff's Attorneys

Martin R. Martos II
Gabrielle E. Winslow
Fox Rothschild LLP
321 N. Clark St., Suite 1600
Chicago, IL 60654
(312) 980-3807 - direct
(312) 517-9201 - fax
mmartos@foxrothschild.com
gwinslow@foxrothschild.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I, Martin Martos, an attorney, hereby certify that I caused to be filed a copy of the foregoing Plaintff Savista's Opposition To Defendant's Motion To Stay Discovery And Resistance To Plaintiff's Motion To Compel to be served on this February 23, 2024, upon the following:

Paul M. Shotkoski
FRASER STRYKER PC LLO
500 Energy Plaza 409 South 17th Street
Omaha, Nebraska 68102
(402) 341-6000 (telephone)
(402) 341-8290 (facsimile)
pshotkoski@fraserstryker.com

Ebadullah Khan
City Ventures, LLC
222 S. 15th Street, Suite #1404S
Omaha, Nebraska 68102
(832) 202.6028
ekhan@city-ventures.com

                                                               /s/ Martin R. Martos II