# EXHIBIT A

| | |
|---|---|
| **From:** | Winslow, Gabrielle |
| **To:** | Ebad Khan; Shotkoski, Paul |
| **Cc:** | Martos, Martin R. |
| **Subject:** | Savista"s First Requests for Production of Documents and Interrogatories |
| **Date:** | December 1, 2023 4:25:20 PM |
| **Attachments:** | Savista"s First Requests for Production of Documents-C.pdf<br>Savista"s First Interrogatories-C.pdf |

Hello,

Please see attached Savista's First Requests for Production of Documents and Interrogatories.

Best,
Gabi



Fox Logo

**Gabrielle Winslow**
Associate
321 N. Clark Street
Suite 1600
Chicago, IL 60654
✉ (312) 517-9302
✉ (312) 517-9201
✉ gwinslow@foxrothschild.com

**Learn about our new brand.**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| SAVISTA, LLC, ) | |
| ) | Civil Action No. 1:23-cv-06445 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| GS LABS, LLC, ) | |
| ) | |
| Defendants. ) | |

**SAVISTA, LLC'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS**

Plaintiff Savista, LLC, pursuant to Federal Rule of Civil Procedure 34, by and through its undersigned counsel, hereby requests that Defendant GS Labs, LLC respond to the following requests for production within 30 days of service thereof.

**DEFINITIONS**

1. "Savista" or "Plaintiff" means Savista, LLC, and any of its employees, officers, directors, agents, representatives, predecessors, parents, subsidiaries, affiliates, and/or assigns.

2. "Defendant," "You/Your," or "GS Labs" means GS Labs, LLC, and any of its employees, officers, directors, agents, representatives, predecessors, parents, subsidiaries, affiliates, and/or assigns.

3. "City+Ventures" means City Ventures, LLC, and any of its employees, officers, directors, agents, representatives, predecessors, parents, subsidiaries, affiliates, and/or assigns.

4. "Action" or "Complaint" means the lawsuit that Savista filed on August 29, 2023, in the Northern District of Illinois, Eastern Division, Case No. 1:23-cv-06445.

1

5. "Agreement" means the Master Services Agreement executed by Savista and GS Labs on November 23, 2021, including any related amendments or Statement of Works executed pursuant thereto.

6. "SOW" or "Statement of Work" means "any document(s) Savista and [GS Labs] have executed pursuant to this Agreement that describes any of the Savista Service(s) which are provided to [GS Labs]," as defined in the Agreement.

7. "Savista Service(s)" means "Savista's professional, consulting, or contracting services, and any Savista Deliverable(s) identified under any SOW," as defined in the Agreement.

8. The phrases "relates to," "related to," "relating to," and "regarding," mean directly or indirectly supporting, evidencing, identifying, stating, describing, mentioning, reflecting, referring to, dealing with, contradicting, compromising, concerning or in any way pertinent to the subject matter in question, or having any logical or factual connection whatsoever with the subject matter in question, including any communications with or about the subject matter in question.

9. As used herein, the term "document" includes written, printed, typed, recorded or graphic matter, however produced or reproduced, including correspondence, telegrams, other written communications, data processing storage units, tapes, contracts, agreements, notes, memoranda, telephone messages, analyses projections, indices, work papers, studies, surveys, diaries, calendars, films, photographs, minutes of meetings or any other writing (including copies of any of the foregoing, regardless of whether you are now in possession, custody or control of the original) now in your possession, custody or control or the possession, custody or control of your former or present counsel, agents, employees or any other person acting on their behalf.

10. "Document" also includes "electronically stored information" compromising all writings, drawings, graphs, charts, photographs, sound recordings, images, e-mail and other data

or data compilations stored in any medium from which information can be obtained which are in Your possession, custody, or control. Electronically stored information shall be produced in its native electronic format, including all edits and metadata. If such information is not located in an active file on any computer or other electronic device in your possession or control but rather is located in an archived storage system, you are directed to access that archived storage system to produce the requested information.

11. As used herein, "communicate" or "communication" mean any manner or form of information or message transmission, however produced or reproduced, whether by "document," as herein defined, or orally or otherwise, which is made, distributed, or circulated between or among persons, or date storage or processing units, and any and all documents containing, consisting of, or relating or referring in any way, either directly or indirectly, to a communication.

12. As used herein, "person" or "persons" means an individual, a partnership, corporation, or other profit or non-profit business association or entity, and any governmental agency, department, or unit.

13. As used herein, the term "and/or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

14. All definitions and rules of construction contained in the Federal Rules of Civil Procedure and Local Rules for the Northern District of Illinois are incorporated in these requests by reference. Terms not otherwise defined herein shall have the meaning ascribed to them in the Complaint.

15. Capitalized terms not otherwise defined herein retain their common and usual meaning. Any ambiguity in these requests shall be resolved so as to construe these requests as broadly as possible.

16. GS Labs must supplement its written responses to these discovery requests through the pendency of this action, and to advise at the earliest time possible of the existence of any additional documents that should have been, but were not, originally provided by GS Labs in response to these discovery requests.

17. Unless otherwise specified, the relevant time period for each request is from January 1, 2021 to the present.

## REQUESTS FOR PRODUCTION

1. All Documents and Communications relating to or referencing the subject matter of this Action.

2. All Documents and Communications relied upon or referred to in answering Interrogatories propounded by Savista.

3. All Documents and Communications relied upon or referred to in answering Requests for Admission propounded by Savista.

4. All Documents and Communications relied upon in drafting or referred to in GS Labs' Federal Rule of Civil Procedure 26 Initial Disclosures.

5. All Documents and Communications constituting or relating to the "[t]ext and e-mail messages between representatives of Defendant and representatives of Savista, LLC regarding the terms agreed to between the parties as memorialized per the Master Services Agreement and subsequent amendments at issue in this dispute," as stated in GS Labs' Federal Rule of Civil Procedure 26 Initial Disclosures.

6. All Documents and Communications that GS Labs intends to introduce into evidence at the time of trial.

7. All Communications between GS Labs and Savista relating to the subject matter of this Action.

8. All Documents and Communications between GS Labs and City+Ventures relating to the subject matter of this Action.

9. All internal Communications at GS Labs relating to the subject matter of this Action.

10. All internal Communications at City+Ventures relating to the subject matter of this Action.

11. All Documents and Communications relating to the Agreement, any amendments to the Agreement, or Statement of Works executed pursuant to the Agreement.

12. All Documents and Communications relating to the negotiation or execution of the Agreement, any amendments to the Agreement, or Statement of Works executed pursuant to the Agreement.

13. All Documents and Communications relating to "Savista Service(s)."

14. All Documents and Communications relating to any services performed by Savista under the Agreement.

15. All Documents and Communications relating to any services performed by Savista on behalf of GS Labs.

16. All Documents and Communications relating to Savista's invoices to GS Labs.

17. All Documents and Communications relating to payment sent from GS Labs to Savista.

18. All Documents and Communications relating to any payment dispute between Savista and GS Labs.

19. All Documents and Communications relating to GS Labs' preferred interpretation of the Agreement, any amendments to the Agreement, or Statement of Works executed pursuant to the Agreement.

20. Documents and Communications sufficient to show the exact amount GS Labs contends it still owes Savista for services provided under the Agreement.

21. All Documents and Communications relating to any defense GS Labs contends excuses it from liability in this Action.

22. All reports prepared by any expert GS Labs intends to call as a witness at any evidentiary hearing or trial in this Action.

Dated: December 1, 2023

Respectfully submitted,

SAVISTA, LLC

By: */s/ Gabrielle E. Winslow*
      One of Plaintiff's Attorneys

Martin R. Martos (#6303908)
Gabrielle E. Winslow (#6330644)
FOX ROTHSCHILD LLP
321 N. Clark Street, Suite 1600
Chicago, IL 60654
Telephone:    312.517.9200
Facsimile:    312.517.9201
mmartos@foxrothschild.com
gwinslow@foxrothschild.com

6

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing was served on December 1, 2023 via email on the following:

Paul M. Shotkoski
FRASER STRYKER PC LLO
500 Energy Plaza
409 South 17th Street
Omaha, Nebraska 68102
(402) 341-6000 (telephone)
(402) 341-8290 (facsimile)
pshotkoski@fraserstryker.com

Ebadullah Khan
City Ventures, LLC
222 S. 15th Street, Suite #1404S
Omaha, Nebraska 68102
(832) 202.6028
ekhan@city-ventures.com

                                              By: */s/ Gabrielle E. Winslow*
                                                     One of Plaintiff's Attorneys

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| SAVISTA, LLC, ) | |
| ) | Civil Action No. 1:23-cv-06445 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| GS LABS, LLC, ) | |
| ) | |
| Defendants. ) | |

**SAVISTA, LLC'S FIRST INTERROGATORIES**

Plaintiff Savista, LLC, pursuant to Federal Rule of Civil Procedure 33, by and through its undersigned counsel, hereby requests that Defendant GS Labs, LLC answer the following interrogatories within 30 days of service thereof.

**DEFINITIONS**

1. "Savista" or "Plaintiff" means Savista, LLC, and any of its employees, officers, directors, agents, representatives, predecessors, parents, subsidiaries, affiliates, and/or assigns.

2. "Defendant," "You/Your," or "GS Labs" means GS Labs, LLC, and any of its employees, officers, directors, agents, representatives, predecessors, parents, subsidiaries, affiliates, and/or assigns.

3. "City+Ventures" means City Ventures, LLC, and any of its employees, officers, directors, agents, representatives, predecessors, parents, subsidiaries, affiliates, and/or assigns.

4. "Action" or "Complaint" means the lawsuit that Savista filed on August 29, 2023, in the Northern District of Illinois, Eastern Division, Case No. 1:23-cv-06445.

5. "Agreement" means the Master Services Agreement executed by Savista and GS Labs on November 23, 2021, including any related amendments or Statement of Works executed pursuant thereto.

6. "SOW" or "Statement of Work" means "any document(s) Savista and [GS Labs] have executed pursuant to this Agreement that describes any of the Savista Service(s) which are provided to [GS Labs]," as defined in the Agreement.

7. "Savista Service(s)" means "Savista's professional, consulting, or contracting services, and any Savista Deliverable(s) identified under any SOW," as defined in the Agreement.

8. The phrases "relates to," "related to," "relating to," and "regarding," mean directly or indirectly supporting, evidencing, identifying, stating, describing, mentioning, reflecting, referring to, dealing with, contradicting, compromising, concerning or in any way pertinent to the subject matter in question, or having any logical or factual connection whatsoever with the subject matter in question, including any communications with or about the subject matter in question.

9. As used herein, the term "document" includes written, printed, typed, recorded or graphic matter, however produced or reproduced, including correspondence, telegrams, other written communications, data processing storage units, tapes, contracts, agreements, notes, memoranda, telephone messages, analyses projections, indices, work papers, studies, surveys, diaries, calendars, films, photographs, minutes of meetings or any other writing (including copies of any of the foregoing, regardless of whether you are now in possession, custody or control of the original) now in your possession, custody or control or the possession, custody or control of your former or present counsel, agents, employees or any other person acting on their behalf.

10. "Document" also includes "electronically stored information" compromising all writings, drawings, graphs, charts, photographs, sound recordings, images, e-mail and other data or data compilations stored in any medium from which information can be obtained which are in Your possession, custody, or control. Electronically stored information shall be produced in its native electronic format, including all edits and metadata. If such information is not located in an

active file on any computer or other electronic device in your possession or control but rather is located in an archived storage system, you are directed to access that archived storage system to produce the requested information.

11. As used herein, "communicate" or "communication" mean any manner or form of information or message transmission, however produced or reproduced, whether by "document," as herein defined, or orally or otherwise, which is made, distributed, or circulated between or among persons, or date storage or processing units, and any and all documents containing, consisting of, or relating or referring in any way, either directly or indirectly, to a communication.

12. "Identify" means to provide a complete and detailed description of the person, event, occurrence, act, or instance that is the subject of the corresponding interrogatory.

13. As used herein, "Person" or "Persons" means an individual, a partnership, corporation, or other profit or non-profit business association or entity, and any governmental agency, department, or unit.

14. As used herein, the term "and/or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

15. All definitions and rules of construction contained in the Federal Rules of Civil Procedure and Local Rules for the Northern District of Illinois are incorporated in these requests by reference. Terms not otherwise defined herein shall have the meaning ascribed to them in the Complaint.

16. Capitalized terms not otherwise defined herein retain their common and usual meaning. Any ambiguity in these requests shall be resolved so as to construe these requests as broadly as possible.

17. GS Labs must supplement its written responses to these discovery requests through the pendency of this action, and to advise at the earliest time possible of the existence of any additional documents that should have been, but were not, originally provided by GS Labs in response to these discovery requests.

18. Unless otherwise specified, the relevant time period for each request is from January 1, 2021 to the present.

**INTERROGATORIES**

1. For all Persons with knowledge about the subject-matter of this Action, identify the topics relating to this Action on which the Person is knowledgeable.

2. Identify all Persons with whom GS Labs has communicated about the Agreement.

3. Identify all Persons at City+Ventures who have communicated about the Agreement.

4. Identify all Persons involved in any way with negotiating the Agreement.

5. Identify all persons who communicated with Savista regarding payment for services under the Agreement.

6. State the exact dollar amount GS Labs contends it owes but has not paid to Savista for services under the Agreement.

7. If GS Labs contends that Savista is not entitled to the damages amount pleaded in the Complaint, state in detail the bases for Your contention.

8. Identify all "[t]ext and e-mail messages between representatives of Defendant and representatives of Savista, LLC regarding the terms agreed to between the parties as memorialized per the Master Services Agreement and subsequent amendments at issue in this dispute," as stated in GS Labs' Federal Rule of Civil Procedure 26 Initial Disclosures.

9. Identify the role of all Persons involved in any way whatsoever with responding to discovery served by Savista in this Action.

Dated: December 1, 2023

Respectfully submitted,

SAVISTA, LLC

By: */s/ Gabrielle E. Winslow*
      One of Plaintiff's Attorneys

Martin R. Martos (#6303908)
Gabrielle E. Winslow (#6330644)
FOX ROTHSCHILD LLP
321 N. Clark Street, Suite 1600
Chicago, IL 60654
Telephone:   312.517.9200
Facsimile:    312.517.9201
mmartos@foxrothschild.com
gwinslow@foxrothschild.com

5

**CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing was served on December 1, 2023 via email on the following:

Paul M. Shotkoski
FRASER STRYKER PC LLO
500 Energy Plaza
409 South 17th Street
Omaha, Nebraska 68102
(402) 341-6000 (telephone)
(402) 341-8290 (facsimile)
pshotkoski@fraserstryker.com

Ebadullah Khan
City Ventures, LLC
222 S. 15th Street, Suite #1404S
Omaha, Nebraska 68102
(832) 202.6028
ekhan@city-ventures.com

By: */s/ Gabrielle E. Winslow*
      One of Plaintiff's Attorneys