# EXHIBIT D

**From:** Bral, Derek <dbral@FraserStryker.com>
**Sent:** February 16, 2024 9:52 AM
**To:** Martos, Martin R. <MMartos@foxrothschild.com>
**Cc:** Adam, Jordan <JADAM@FraserStryker.com>; Ebad Khan <ekhan@city-ventures.com>; Shotkoski, Paul <PSHOTKOSKI@FraserStryker.com>; Evan White <EWhite@city-ventures.com>; Winslow, Gabrielle <GWinslow@foxrothschild.com>
**Subject:** [EXT] RE: Savista, LLC v. GS Labs, LLC (1:23:CV-06445)

Mr. Martos,

Since Judge Ellis has not yet ruled on our motion to dismiss and we are disputing jurisdiction, we propose a stay of discovery pending the Court's ruling. We will be filing a Motion to Stay Discovery with the Court within the next couple of days. Can you please advise whether you intend to oppose that motion?

Thanks,

**Derek T. Bral**
Attorney
**DIRECT:** 402.978.5278

**EMAIL:** dbral@fraserstryker.com    Visit my bio

Fraser Stryker PC LLO
500 Energy Plaza
409 South 17th Street

Omaha, NE 68102
[fraserstryker.com](fraserstryker.com)

The information contained in this message is confidential and may be attorney-client privileged. It is intended only for the use of the individual or entity identified above. If the receiver of this message is not the intended recipient, you are hereby notified that reading, distribution, use, or copying of this message is strictly prohibited. If you have received this message in error, please immediately notify the sender by replying to the address noted above and delete the message.

**From:** Martos, Martin R. <MMartos@foxrothschild.com>
**Sent:** Tuesday, February 13, 2024 7:37 PM
**To:** Bral, Derek <dbral@FraserStryker.com>
**Cc:** Adam, Jordan <JADAM@FraserStryker.com>; Ebad Khan <ekhan@city-ventures.com>; Shotkoski, Paul <PSHOTKOSKI@FraserStryker.com>; Evan White <EWhite@city-ventures.com>; Winslow, Gabrielle <GWinslow@foxrothschild.com>
**Subject:** [EXTERNAL] RE: Savista, LLC v. GS Labs, LLC (1:23:CV-06445)

Derek -- GS Labs has failed to make a good faith settlement offer. The offer in your 1/22/24 letter is below the amount GS Labs has admitted it owes in writing elsewhere. Nor does your offer account for contractual interest or the contractual floor that would seem to apply even under what appears to be your preferred reading of the agreement. As noted in my email below, GS Labs has also failed to meet even its basic discovery obligations. We do not see how a mediation based on your current posture could be productive as a result.

In short, your belated lowball offer and the flat disregard of discovery obligations by GS Labs (see below) is further evidence of bad faith. If GS Labs would like to have productive discussions toward resolving this matter through a negotiated resolution, please make a good faith offer that at least acknowledges what GS Labs owes even under its preferred (but nonetheless incorrect) reading of the agreement.

Best,
Martin

**Martin R Martos**
Partner
321 N. Clark Street
Suite 1600
Chicago, IL 60654
(312) 517-9291
(480) 220-6923
(312) 517-9201
mmartos@foxrothschild.com

Learn about our new brand.

---

**From:** Martos, Martin R.
**Sent:** February 13, 2024 7:33 PM
**To:** Bral, Derek <dbral@FraserStryker.com>
**Cc:** Adam, Jordan <JADAM@FraserStryker.com>; Ebad Khan <ekhan@city-ventures.com>; Shotkoski, Paul <PSHOTKOSKI@FraserStryker.com>; Evan White <EWhite@city-ventures.com>; Winslow, Gabrielle <GWinslow@foxrothschild.com>
**Subject:** RE: Savista, LLC v. GS Labs, LLC (1:23:CV-06445)

Derek,

We write regarding numerous deficiencies in GS Labs' discovery responses. Some of the deficiencies are particularly troubling. For example, your interrogatory responses were neither signed by counsel for GS Labs nor verified by GS Labs as required by Rule 33. Your responses also omit key information known to GS Labs, such as the identification of persons who engaged with Savista directly prior to any litigation. And GS Labs failed to respond to Savista's document requests altogether. Please see the attached letter for more details.

Sincerely,
Martin

**Martin R Martos**
Partner
321 N. Clark Street
Suite 1600
Chicago, IL 60654
(312) 517-9291
(480) 220-6923
(312) 517-9201
mmartos@foxrothschild.com

Learn about our new brand.

---

**From:** Bral, Derek <dbral@FraserStryker.com>
**Sent:** January 22, 2024 1:44 PM
**To:** Martos, Martin R. <MMartos@foxrothschild.com>; Winslow, Gabrielle

<GWinslow@foxrothschild.com>
**Cc:** Adam, Jordan <JADAM@FraserStryker.com>; Ebad Khan <ekhan@city-ventures.com>; Shotkoski, Paul <PSHOTKOSKI@FraserStryker.com>; Evan White <EWhite@city-ventures.com>
**Subject:** [EXT] Savista, LLC v. GS Labs, LLC (1:23:CV-06445)

Mr. Martos and Ms. Winslow,

Please see the attached Answers to Interrogatories and correspondence regarding the above-referenced litigation.

Kind regards,

**Derek T. Bral**
Attorney

**DIRECT:** 402.978.5278

**EMAIL:** dbral@fraserstryker.com    Visit my bio

Fraser Stryker PC LLO
500 Energy Plaza
409 South 17th Street
Omaha, NE 68102
fraserstryker.com

The information contained in this message is confidential and may be attorney-client privileged. It is intended only for the use of the individual or entity identified above. If the receiver of this message is not the intended recipient, you are hereby notified that reading, distribution, use, or copying of this message is strictly prohibited. If you have received this message in error, please immediately notify the sender by replying to the address noted above and delete the message.

This email contains information that may be confidential and/or privileged. If you are not the intended recipient, or the employee or agent authorized to receive for the intended recipient, you may not copy, disclose or use any contents in this email. If you have received this email in error, please immediately notify the sender at Fox Rothschild LLP by replying to this email and delete the original and reply emails. Thank you.



321 N. Clark Street
Suite 1600
Chicago, IL  60654
312.517.9200   312.517.9201
WWW.FOXROTHSCHILD.COM

ALEXANDRIA RHOADES
Direct No: 312.517.9271
Email: ARhoades@FoxRothschild.com


February 13, 2024

<u>VIA E-MAIL</u>

Paul M. Shotkoski
FRASER STRYKER PC LLO
500 Energy Plaza 409 South 17th Street
Omaha, Nebraska 68102
pshotkoski@fraserstryker.com

Ebadullah Khan
City Ventures, LLC
222 S. 15th Street, Suite #1404S Omaha, Nebraska 68102
ekhan@city-ventures.com

      Re: <u>GS Labs Discovery Response Deficiencies: *Savista, LLC v. GS Labs, LLC*, Case No. 1:23-cv-06445</u>

Counsel,

  We have reviewed GS Labs, LLC's responses to *Savista, LLC's First Interrogatories* and identified numerous deficiencies, as well as incomplete and non-responsive responses. As such, GS Labs must supplement its interrogatory responses. Please do so by February 20, 2024. We also note that GS Labs has failed to respond to Savista's *First Requests for Production of Documents* altogether. GS Labs' disregard of its discovery obligations is inexcusable and must be corrected immediately. We are available to meet and confer later this week, if helpful.

* * *

**A. GS Labs' Delayed Responses Violate The Federal Rules of Civil Procedure.**

  Savista, LLC ("Savista") served its *First Interrogatories* ("Interrogatories") on December 1, 2023, as mandated by the Court (ECF No. 014). Pursuant to FRCP. 33(b)(2), a responding party must serve its answers and any objections within 30 days after being served with the

A Pennsylvania Limited Liability Partnership

California Colorado Delaware District of Columbia Florida Georgia Illinois Massachusetts Minnesota Missouri
Nevada New Jersey New York North Carolina Oklahoma Pennsylvania South Carolina Texas Washington



February 2, 2024 Page 2

interrogatories. GS Labs was required to provide its answers and objections within 30 days, making its response deadline January 2, 2024. However, GS Labs did not respond to Savista's Interrogatories until January 22, 2024, twenty days beyond the stipulated discovery due date. This deviation by GS Labs from the deadlines imposed by the Federal Rules of Civil Procedure is improper and unwarranted—an offense compounded by the incomplete and non-responsive nature of many of its belated responses.

### B. GS Labs' Belated Interrogatory Responses Were Not Signed or Verified.

GS Labs failed to appropriately verify *Defendant's Answers to Plaintiff's 1st Set of Interrogatories* (01/22/2024) ("Answers"), and, in a further breach, reproduced Savista's signature without proper authorization. Such discrepancies not only contravene FRCP 33 but have also led to the submission of responses that are misleading and deficient. According to FRCP 33(b)(1), each interrogatory must be answered by the party to whom they are directed, or by any officer or agent if the party is a corporation, partnership, association, or governmental agency. Also, FRCP 33(b)(3) mandates that each interrogatory, to the extent not objected to, must be answered separately and fully in writing under oath. The lack of clarity regarding the individual or entity responsible for submitting these Answers is evident, as **Page 5 of the Answers claims submission by Savista and bears the signature of Savista's counsel**, creating a misleading and inaccurate impression that counsel for Savista endorsed these responses.

Further, FRCP 33(b)(3) states that the person making the answers must sign them, and any objections must be signed by the attorney. The present document, lacking both verification and counsel's signature, represents a violation of this rule; neither GS Labs nor its counsel have signed or verified its Answers. It is notable that GS Labs has also reproduced Savista's document heading, date, and Certificate of Service in its Answers—creating the false impression that GS Labs timely responded when it did not. (*See* Section A above.) GS Labs must amend its Answers, including proper signatures and verification in compliance with the Federal Rules of Civil Procedure.

### C. GS Labs' Interrogatory Responses are Deficient, Incomplete, and Non-Responsive.

**Interrogatory No. 1**: This Interrogatory seeks information regarding all Persons with knowledge about the subject-matter of this Action and the topics relating to this Action on which that Person is knowledgeable. GS Labs' response, encompassing ten individuals and two organizations, is marred by various shortcomings. This response fails to identify all individuals who possess knowledge about the subject matter of this Action, despite clear indications from correspondence between the parties that other personnel, including individuals affiliated with City Ventures and GS Labs, should have been included. Notably, GS Labs omits anyone from Savista, a key oversight considering their relevance to this subject matter. This omission is particularly concerning, as GS Labs had previously named specific individuals from Savista in their *Defendant's Motion to Dismiss Or, In The Alternative, Motion to Transfer Venue* (10/30/2024); none of those individuals are listed in this response. This glaring omission raises doubts about the completeness and accuracy of GS Labs' responses. Moreover, this Interrogatory explicitly seeks information about "all Persons with knowledge;" merely listing companies such as GS Labs, LLC,



February 2, 2024 Page 3

and City Ventures falls short of the required specificity and demonstrates a lack of diligence in providing a thorough response. This Interrogatory is designed to capture individual knowledge rather than broad corporate affiliations. This response violates FRCP 33, which requires each interrogatory be answered fully and under oath. GS Labs must supplement its Answer to Interrogatory No. 1 with the requested information.

**Interrogatory No. 2**: This Interrogatory asks GS Labs to identify all Persons with whom GS Labs has communicated about the Agreement. GS Labs fails to provide a direct response, instead referring to its answer for Interrogatory 1, which is insufficient as detailed above. This inadequacy becomes more apparent when reviewing pre-suit correspondence and other documents between the parties, revealing GS Labs' awareness of the existence of individuals at City Ventures, Savista and others with factual knowledge about the Agreement, who are conspicuously absent from GS Labs' response. Moreover, this Interrogatory explicitly seeks comprehensive information about "all Persons with knowledge;" merely citing companies such as GS Labs, LLC, and City Ventures falls short of the required specificity and demonstrates a lack of diligence in providing a thorough response. This Interrogatory is designed to capture individual involvement with the Agreement rather than broad corporate affiliations. This response constitutes a violation of FRCP 33, which mandates that each Interrogatory be answered fully and under oath. GS Labs must supplement its Answer to Interrogatory No. 2 with the requested information.

**Interrogatory No. 3**: This Interrogatory seeks information regarding all Persons at City Ventures who have communicated about the Agreement. GS Labs' response fails to adequately identify all persons with whom City Ventures has communicated about the Agreement, notably omitting attorney information, for example, Ebadullah Khan, a legal representative at City Ventures with whom Savista corresponded concerning the Agreement. This omission raises serious concerns about the completeness and accuracy of GS Labs' response. Upon Savista's further examination of exchanged communications, it becomes evident that other Persons at City Ventures with factual knowledge about the Agreement are missing from the response. Pursuant to FRCP 33, which mandates that each Interrogatory be answered fully and under oath, GS Labs must supplement its Answer to Interrogatory No. 3 with the requested information.

**Interrogatory No. 4:** This Interrogatory asks GS Labs to identify all Persons involved in any way with negotiating the Agreement. The responses provided by GS Labs are incomplete, failing to encompass all individuals engaged in negotiating the Agreement. This is evident from the omission of Savista personnel, a critical oversight considering their active participation in the negotiation process. Moreover, GS Labs asserts the necessity of parole evidence to ascertain the Agreement's meaning. While GS Labs' contention lacks merit, it nonetheless underscores the inadequacy of GS Lab' response and the importance of identifying all individuals involved in any way with negotiating the Agreement. However, GS Lab's response fails to provide the identity of all witnesses with knowledge on this issue. The lack of specificity raises concerns about the thoroughness and accuracy of GS Labs' response. Pursuant to FRCP 33, each interrogatory must be answered fully and under oath. This response constitutes a violation of FRCP 33; as such, GS Labs must supplement its Answer to Interrogatory No. 4 with the requested information.



February 2, 2024 Page 4

**Interrogatory No. 5:** This Interrogatory asks GS Labs to identify all persons who communicated with Savista regarding payment for services under the Agreement. The response provided by GS Labs are notably incomplete, lacking many individuals who have communicated with Savista regarding payment for services under the Agreement. Notably, there is no mention of a single lawyer, despite the evident presence of legal representatives from City Ventures and GS Labs who have communicated with Savista directly regarding payment for services under the Agreement. This inadequacy becomes apparent when reviewing other correspondence and exchanged documents between the parties, revealing the existence of individuals who are not named in this response. FRCP 33 mandates the disclosure of all persons with knowledge. As such, GS Labs must supplement its Answer to Interrogatory No. 5 with the requested information.

**Interrogatory No. 8:** This Interrogatory asks GS Labs to identify all "[t]ext and e-mail messages between representatives of Defendant and representatives of Savista, LLC regarding the terms agreed to between the parties as memorialized per the Master Services Agreement and subsequent amendments at issue in this dispute," as stated in GS Labs' Rule 26 Initial Disclosures (*Defendants' Initial Disclosures* (11/17/2023)). GS Labs objects to this request as unduly burdensome and that the texts and emails are subject to Request For Production No. 5. This lackluster objection does not address this Interrogatory. GS Labs' initial disclosures, where they themselves acknowledged the existence of text and email messages related to the terms agreed upon between the parties, initiated their obligation under FRCP 33 to supply this information. Additionally, the response lacks clarity on whether GS Labs intends to answer this Interrogatory at a later stage or if they are outright refusing to respond. FRCP 33 requires a clear and complete response, specifying whether the information is within their knowledge and, if not, why it cannot be readily ascertained. GS Labs' response falls short of meeting this requirement and must be supplemented to provide a more transparent and comprehensive answer. Furthermore, GS Labs' Answer states that "[t]his interrogatory request is Unduly Burdensome the text and email messages exchanged between Defendant and Savista are subject to production via Request for Production No. 5." Yet as discussed herein, GS Labs failed to make any written response to Savista's document requests and has failed to produce any documents—much less to indicate when it plans to make any such production, highlighting the pattern of GS Labs' wrongful refusal to participate in the discovery process. GS Labs must supplement its Answer to Interrogatory No. 8 with the requested information.

**Interrogatory No. 9:** This Interrogatory asks GS Labs to identify the role of all Persons involved in any way whatsoever with responding to discovery served by Savista in this Action. GS Labs' response, which refers to its insufficient Answer in Interrogatory No. 1, fails to adequately identify the roles of all persons engaged in responding to discovery, thereby running afoul to the requirements outlined in FRCP 33. Under FRCP 33(b)(1), each interrogatory must be answered by the party to whom they are directed, or by any officer or agent if the party is a corporation, partnership, association, or governmental agency. Additionally, FRCP 33(b)(3) mandates that each interrogatory, to the extent not objected to, must be answered separately and fully in writing under oath. Moreover, as discussed above, the absence of signatures and

...



February 2, 2024 Page 5

verification of these Answers further complicates the understanding of who from GS Labs is involved in the discovery process or who is responding to these Interrogatories, a violation of the stipulations of FRCP 33(b)(5). GS Labs must supplement its Answer to Interrogatory No. 9 with the requested information.

### D. GS Labs Wholly Failed to Respond to Requests for Production.

Savista served its *First Requests for Production of Documents* ("RFPs") on December 1, 2023, as prescribed by the Court (ECF No. 014). In accordance with FRCP 33(b)(4) and 34(b)(2)(A), GS Labs was obligated to provide its answers and objections within 30 days—making the response deadline January 2, 2024. It has now been an additional 36 days. Yet GS Labs has failed to respond to Savista's RFPs in any way and has not produced any documents whatsoever. Nor has GS Labs indicated when any documents will be produced. GS Labs' disregard of its discovery obligations is inexcusable. It also impermissibly hinders the discovery process and impedes the progress of court-ordered case schedule. Production of documents "must then be completed no later than the time for inspection specified in the request ***or another reasonable time specified in the response.***" FRCP 34(b)(2)(C). GS Labs has failed to do so and must correct its failure immediately.

*   *   *

While we remain open to a meet and confer this week to address the items above, Savista reserves all rights regarding the deficiencies identified above and any other failings by GS Labs.

Sincerely,

*/s/ Gabrielle Winslow*