IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SAVISTA, LLC,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>GS LABS LLC,<br><br>　　　　　Defendant. | 8:24CV110<br><br><br>ORDER |

　　　　This matter is before the Court *sua sponte* after review of the docket and pleadings.

　　　　Savista, LLC's Complaint invokes this court's diversity jurisdiction, alleging it is a "limited liability corporation organized and existing under the laws of the State of Delaware with its principal place of business" in Alpahretta, Georgia. (Filing No. 1). Savista's corporate disclosure statement states it is "a privately held company wholly owned by Savista Holdco, LLC." (Filing No. 7). Savista alleges GS Labs, LLC, is a limited liability corporation duly organized and existing under the laws of the State of Nebraska, and maintains its principal place of business in Omaha, Nebraska. GS Labs, LLC filed a corporate disclosure statement identifying its citizenship thusly: "CDSK Holdings, LLC is a Nebraska limited liability company that owns 100% of GS Labs, LLC, which is also a Nebraska limited liability company." (Filing No. 55).

　　　　For purposes of diversity jurisdiction, a limited liability company's citizenship is that of its members. *E3 Biofuels, LLC v. Biothane, LLC*, 781 F.3d 972, 975 (8th Cir. 2015). "When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company. And because a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009); see also *Haas as Tr. of Bira Rabushka Living Tr. v. Rabushka*, No. 4:23-CV-1304 RLW, 2023 WL 6879663, at *1 (E.D. Mo. Oct. 18, 2023) ("[F]or LLCs, the Court must examine the citizenship of each member of the LLC to determine whether it has diversity jurisdiction."). "For any members of LLCs that are themselves LLCs, partnerships, or limited partnerships, information concerning their underlying members or

partners must be alleged in accordance with the rules applicable to each such type of entity, through however many layers of ownership there may be," until either individuals or corporations are identified as the owner(s). *OHM Hotel Grp., LLC v. Dewberry Consultants, LLC*, No. 4:15-CV-1541 CAS, 2015 WL 5920663, at *1 (E.D. Mo. Oct. 9, 2015).

Savista filed a disclosure statement identifying Savista Holdco, LLC as its only member, but has not identified the citizenship of the members of Savista Holdco, LLC. Similarly, GS Labs, LLC filed a corporate disclosure statement identifying CDSK Holdings, LLC as the sole owner of GS Labs, LLC, but does not identify the citizenship of its members. Rule 7.1(a)(2) of the Federal Rules of Civil Procedure requires a disclosure statement to include the citizenship of "every individual or entity whose citizenship is attributed to that party." Because the Court does not know the citizenship of each member of the LLC parties, it cannot be assured that complete diversity exists. Accordingly,

**IT IS ORDERED:** On or before **May 3, 2024**, the parties shall file amended Corporate Disclosure Statements fully identifying the citizenship of "every individual or entity whose citizenship is attributed to that party," including the citizenship of each member of the LLCs. See Fed. R. Civ. P. 7.1(a)(2); *E3 Biofuels*, 781 F.3d at 975.

Dated this 19th day of April, 2024.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge

2